# ORDER OF PROTECTION

☒ DOMESTIC VIOLENCE ORDER
☐ AMENDED DOMESTIC VIOLENCE ORDER

AOC-275.3
Rev. 10-01
Doc. Code: ODV
Page 1 of 3

Case No. _____
Court _____
County _____ State _____

---

### PETITIONER/PLAINTIFF

| First | Middle | Last |
|---|---|---|

And/or on behalf of minor family members(s):(list name and DOB) _____

### PETITIONER/PLAINTIFF IDENTIFIERS

Date of Birth of Petitioner

Other Protected Persons/DOB:

## V.

### RESPONDENT/DEFENDANT

| First | Middle | Last |
|---|---|---|

Relationship to Petitioner: ☐ spouse ☒ former spouse ☐ unmarried, child in common ☐ unmarried, currently or formerly living together ☐ child ☐ stepchild ☐ parent ☐ grandparent ☐ other relative (specify)

_____

Respondent Address: _____

### RESPONDENT/DEFENDANT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | W | 9-22- | 5'4 | 200 |

| EYES | HAIR | Social Security # |
|---|---|---|
| Blue | Red | -3154 |

| DRIVERS LICENSE # | STATE | EXP. DATE |
|---|---|---|
| | | |

Distinguishing Features _____

**CAUTION:**

☐ Weapon involved ☐ Armed and Dangerous ☐ Divorce/Custody/Visitation case pending

---

**THE COURT HEREBY FINDS:**

That it has jurisdiction over the parties and subject matter, and the Respondent has been provided with reasonable notice and opportunity to be heard.

☒ Additional findings of this order are as set forth below.

**THE COURT HEREBY ORDERS:**

☒ That the above-named Respondent be restrained from committing further acts of abuse or threats of abuse.

☒ That the above-named Respondent be restrained from any contact with the Petitioner/Plaintiff.

☒ Additional terms of this order are as set forth below.

The terms of this order shall be effective until  5-24 , 2007 .

---

**WARNING TO RESPONDENT:**

This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265). Crossing state, territorial, or tribal boundaries to violate this or___ ___prisonment (18 U.S.C. Section 2262).

Federal law provides penalties for p___ ___ing, or receiving any firearm or ammunition (18 U.S.C. Section 922(g)(8)).

Only the Court can change this ___

Exhibit 1-16

AOC-275.3
Rev. 10-01
Doc. Code: ODV
Page 3 of 3

❑ That the above-named Respondent, is ordered to pay temporary support in the amount of

$ _____ as set forth in form AOC 152 Kentucky Uniform Child Support Order.   **(AOC 152 shall also be used if child support is ordered.)**

☑ That the above-named Respondent participate in available counseling services, described as

_____ *at CCC .*

☒ In order to assist in eliminating future acts of domestic violence and abuse, _____

_____

_____

_____

❑ (To be used only in dissolution or custody action).
That the court finds that the victim has requested mediation and the victim's request is voluntary and not the result of coercion and that mediation is a realistic and viable alternative to or adjunct to the issuance of this order; therefore that available mediation services be ordered as follows: _____

_____

The terms of this order shall not exceed three years from date of issue pursuant to KRS 403.750(2).   The Petitioner may return to the court which issued this order before expiration of this order to request that it be reissued for an additional period not to exceed three years.   **The number of times this Order may be reissued shall not be limited.   KRS 403.750(3).**

**Violation of this order shall constitute contempt of this Court and may result in criminal charges. Any peace officer shall arrest the Respondent without a warrant upon probable cause that a violation of this order has occurred. [Pursuant to 18 U.S.C. Section 922(g)(8), it may be a federal violation to purchase, receive or possess a firearm or ammunition while subject to this order.]**

| | |
|---|---|
| 5-24-06 | |
| **Date** | **Judge** |

Copies to:
- Court file
- Petitioner
- Respondent
- Court clerk in county of Petitioner's usual residence, if different.
- Law enforcement agency/dispatch center responsible for LINK entry.
- Law enforcement agency(cies) designated for service.
- Local Department for Social Services, Cabinet for Families & Children.

**Ensure entries in boxes are complete and legible. Without the correct information in each box the order WILL NOT be entered into the LINK system.**

AOC-275.3
Rev. 10-01
Doc. Code: ODV
Page 2 of 3

## ADDITIONAL FINDINGS:

☑ For the Petitioner against the above-named Respondent in that it was established, by a preponderance of the evidence, that an act(s) of domestic violence or abuse has occurred and may again occur; or

❑ For the Respondent in that it was not established, by a preponderance of the evidence, that an act(s) of domestic violence or abuse has occurred and may again occur; or

❑ The ❑ Petitioner ❑ Respondent has filed a motion to amend the Domestic Violence Order dated

_____.

## ADDITIONAL TERMS OF ORDER:

**That the above-named Respondent surrender to the Court, or to the officer serving the order, Respondent's Kentucky license to carry concealed firearms or other deadly weapons pursuant to KRS 237.110(11).**

    ❑ Kentucky license to carry surrendered to Court.

❑ That the Petition/Motion to Amend be ❑ Dismissed ❑ Denied.

❑ That the motion to amend is sustained. ❑ That the prior order is amended pursuant to a show cause hearing. The prior order is amended as follows, and all prior inconsistent provisions of such prior order are superseded

    as follows: _____

_____.

☑ That the above-named Respondent is restrained from any contact or communication with the above-named Petitioner;

☑ That Respondent shall remain at all times and places at least ____500____ feet away from Petitioner and members of Petitioner's family or household;

    ☑ except as follows: _____ _____ _____ at DPP _____
    _____ visitation order_____;

☑ That the above-named Respondent be restrained from disposing of, or damaging, any property of the parties;

❑ That the above-named Respondent vacate the residence shared by the parties located at

_____;
                         (specific address)

☑ In accordance with the criteria of KRS 403.270, 403.320, and 403.420, the Uniform Child Custody Jurisdiction Act and 28 U.S.C.A. Section 1738A temporary custody of:

_____

_____

_____
                (List names, ages and sex of each child)

be awarded to _____.

| AOC - 275.1         Doc. Code: CC | DOMESTIC VIOLENCE PETITION / MOTION | Case No. 02-D-202-3 |
|---|---|---|
| Rev. 2-03 Page 1 of 3 Commonwealth of Kentucky Court of Justice    www.kycourts.net KRS Chapter 403 | | Court Circuit / Family County Pike |

| | Jonah | Lee | Stevens | | PETITIONER |
|---|---|---|---|---|---|
| | First | Middle | Last | | VS. |
| | Amy | Jerine | Mischler | | RESPONDENT |
| | First | Middle | Last | | |

**Information about Respondent:**

Current Residence: Apt. 9 Northgate Drive, Pikeville, KY
Across from old Food City on US 119

Usual Residence: Same

Occupation: Unemployed

Employer Name: _____

Employer Address: _____

| Sex | Race | Birthdate | Height | Weight | SSN | Operator License # | State |
|---|---|---|---|---|---|---|---|
| F | White | 9-22-68 | 5'4" | 200 | | | KY |

CAUTION:     [ ] Weapon involved  [ ] Believed to be armed and dangerous

The Parties have a  [ ] custody  [ ] dissolution action pending in _____ Circuit Court.

[ ] Petitioner, [✓] Petitioner, on behalf of minor child(ren) says that on April 14, 2006, in Pike County, Kentucky, the above-named Respondent engaged in act(s) of domestic violence and abuse, in that*:

She had the parties minor child Tucker, age 6, out on the streets of Pikeville in over 80° heat when he was sick with strip throat, forcing him to walk up and down the street holding a large sign after she failed to purchase his antibiotics. The child needed the medication the day before and she failed to purchase it even though she had the means to do so. ~~more over she apparently over~~ It is the Petitioner's good faith belief that the Respondent is mentally impaired or desires to embarrass and/or humiliate the Petitioner so much she is willing to hurt the children ~~consequences~~. The child became sicker after having to go 2 days without medication and stand outside and he was emotionally abused. I am in fear that the children will be harmed if she is around them unless and until she gets some extensive mental health treatment. She left Zachary home alone while she did this and he was sick also.

Copies to:
Court File
Petitioner
Respondent (copy with blacked-out portion served with summons)
Local Department for Community Based Services, CFC
Court Clerk in County of Petitioner's usual residence, if different
Law enforcement agency(ies) designated for service
Law enforcement agency/dispatch center responsible for LINK entry

*If additional space is needed for the factual statement, type on a separate sheet of paper and attach to the Petition/Motion.

ENSURE ENTRIES IN BOXES ARE COMPLETE, ACCURATE AND LEGIBLE TO ALLOW PROMPT ENTRY INTO LINK IF ORDER OR SUMMONS ISSUES.

## Exhibit 2

AOC- 275.1
Rev. 2-03
Page 3 of 3

Case No. 02-D-202-3

## MOTION FOR RELIEF

[ ] Petitioner   OR   [✓] Petitioner, on behalf of minor child(ren), requests that the Court:

(1) **Issue an emergency protective order** based on the presence of an immediate and present danger of domestic violence and abuse to:

[✓] **restrain Respondent** from committing any further acts of domestic violence and abuse; and/or

[✓] **restrain Respondent** from any contact or communication with Petitioner except as directed by the Court; and/or

[ ] **restrain Respondent** from disposing of, or damaging, any property of the parties; and/or

[ ] **direct Respondent to vacate** residence shared by the parties located at *(specify address):*

_____

_____

[✓] **grant temporary custody** of minor child(ren);

[ ] award **temporary child support** in accordance with Ky Child Support Guidelines. I will, if possible, document income of both parents at the hearing by producing income tax returns, paystubs or employer statements. If either parent is self-employed I will, if possible, produce receipts and expense statements. I understand Respondent will also be notified by **summons** to produce these documents.

[✓] **grant other relief** which would assist in stopping further domestic violence *(describe)*
Restrain Respondent from any contact or communication with the children, and not to go to their school, until this matter is addressed in a hearing before the court; and,

(2) **Cause a summons to be issued for Respondent,** setting a date, time and place for a **hearing** to consider all relief to which Petitioner may be entitled, including those matters contained in paragraph (1) on this page of this motion, and as appropriate, **mandatory** counseling for Respondent and other relief as may be authorized by statute.

Petitioner states the allegations contained herein are true on information and belief.

_____
**Petitioner's / Movant's Signature**

**NOTICE: IF AN ORDER IS ISSUED WHICH SAYS NO CONTACT AND YOU DECIDE TO HAVE CONTACT WITH THE RESPONDENT WHILE THIS ORDER IS IN EFFECT, YOU MAY BE PLACING YOURSELF AT RISK. ADDITIONALLY, SUCH CONTACT MAY RESULT IN THE RESPONDENT BEING ARRESTED FOR VIOLATING THE ORDER.**

Subscribed and sworn to before me on April 20, 2006

Date: _____, 2___    _____ *Name

_____ Title

*Must be signed by circuit clerk or other individual authorized by Court to provide and verify emergency petitions.

**COURT ACTION:**

EPO/Summons: [ ] Issued [ ] Denied because: _____

_____

Summons: [ ] Issued [ ] Denied because: _____

_____

Date: April 20, 2006    _____ Judge

did not go to church yesterday. No one is at her apartment.

Kim said Jonah has filed missing persons reports & took pictures of the boys to KSP. He spoke w/ trooper there who is filing custodial interference charges & going to file an Amber alert.

Kim said Jonah got his wife's relatives numbers & addresses off the internet & gave that info to police. Sent same info to Shepherdsville police.

Kim said his wife filed a notice of appeal last week & attached an affidavit saying she was being evicted from her apartment

Kim called Judge Paxton.

Kim's home number: (Judge Paxton removed Kim's home phone # written here)

Filed _____  Entered _____
Tendered _____
This 29 day of June, 20 06
Judge Julie Paxton
By _____ Circuit Clerk
Respondent's

**EXHIBIT 1**

02-D-00202-003    Stevens Vs Mischel

Exhibit 3

*Amend (Corrected) or was failed to Include th...*

## EMERGENCY ORDER OF PROTECTION AND SUMMONS

AOC-275.2
Rev. 5-03
Doc. Code: OEP
Summons Type DV
Page 1 of 2
www.kycourts.net

Case No. 02 D-00202-003

Court Family

County Pike    State KY

| PETITIONER/PLAINTIFF | PETITIONER/PLAINTIFF/IDENTIFIERS |
|---|---|

Jonah Lee Stevens
First    Middle    Last

9-26-62
Date of Birth of Petitioner

And/or on behalf of minor family members(s): (list name(s))

Other Protected Persons/DOB:

DOB and relationships of Petitioner): _____

_____

**V.**

### RESPONDENT/DEFENDANT

Amy Jerrine Mischler
First    Middle    Last

Relationship to Petitioner: ☐ spouse ☑ former spouse
☐ unmarried, child in common ☐ unmarried, currently or formerly living together ☐ child ☐ stepchild
☐ parent ☐ grandparent ☐ other relative (specify)

### RESPONDENT/DEFENDANT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | W | 9-22- | 5'4" | 200 |

| EYES | HAIR | Social Security # | | |
|---|---|---|---|---|
| Be | Red | | | |

| | DRIVERS LICENSE # | STATE | EXP. DATE |
|---|---|---|---|
| | | | |

Respondent Address: Apt 9 Northgate Drive Pikeville, KY 41501

Distinguishing Features _____

_____

**CAUTION:**    ☐ Weapon involved    ☐ Armed and Dangerous    ☐ Divorce/Custody/Visitation case pending

### THE COURT HEREBY FINDS:

That it has jurisdiction over the parties and subject matter, and Kentucky law providing Respondent notice and opportunity to be heard.

☐    Additional findings of this order are as set forth below.

### THE COURT HEREBY ORDERS:

☐    That the above-named Respondent be restrained from committing further acts of abuse or threats of abuse.
☐    That the above-named Respondent be restrained from any contact with the Petitioner/Plaintiff.
☐    Additional terms of this order are as set forth below.

The terms of this order shall be effective until    5-8-    ,    2006    (not to exceed 14 days from date of issue.   KRS 403.740(3)).

### WARNING TO RESPONDENT:

This order shall be enforced, eve any U.S. Territory, and may be enfor or tribal boundaries to violate this Only the Court can change thi_____

courts of any state, the District of Columbia, .C. Section 2265). Crossing state, territorial, imprisonment (18 U.S.C. Section 2262).

**Exhibit 4**

AOC-275.2
Rev: 5-03
Doc. Code: OEP
Summons Type DV
Page 2 of 2

Case No. $\boxed{07\text{-}D\text{-}00202\text{-}003}$

**ADDITIONAL FINDINGS:** The Court, having reviewed the petition and being sufficiently advised, finds that the allegations indicate an immediate and present danger of domestic violence and abuse.

**THEREFORE, IT IS FURTHER ORDERED:**

☐ That the above-named Respondent be restrained from any communication with the above-named Petitioner.

☑ That the above-named Respondent remain at all times and places at least ____1,000____ feet away from Petitioner and Petitioner's family or household;

☐ except as follows: _____

_____

☐ That the above-named Respondent be restrained from disposing of, or damaging, any property of the parties.

☐ That the above-named Respondent vacate the residence shared by the parties located at _____
(specific address)

_____

☑ In accordance with the criteria of KRS 403.270, 403.320 and 403.420, temporary custody of

Zachary & Tucker Stevens

be awarded to Jonah Stevens with visitation as follows to be supervised - Resp to call with name of whom will be supervising the visit. from 10:00 am Sunday to 7:00 pm Sunday

☐ In order to assist in eliminating future acts of domestic violence and abuse _____

_____

**ENTERED**

APR 27 2006

DAVID _____ CLERK
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

## SUMMONS

A hearing will be held on __5-8__, 2006, at __1:00__ p. m. in ____Family____ Court located at __4th Floor BB+T Bank__. A legal action has been filed against you in this court, alleging facts and demanding relief as shown in the document(s) delivered to you herewith. You are summoned to appear on this date, time and place to respond to the allegations. You must produce at the above court appearance: income tax returns, paystubs, or employer statements to document your income in the event temporary child support is ordered. If you are self-employed, you must produce receipt and expense statements. **VIOLATION OF THIS ORDER SHALL CONSTITUTE CONTEMPT OF THIS COURT AND MAY RESULT IN CRIMINAL CHARGES. ANY PEACE OFFICER SHALL ARREST THE RESPONDENT WITHOUT A WARRANT UPON PROBABLE CAUSE THAT A VIOLATION OF THIS ORDER HAS OCCURRED.**

| PCSO / KSP | 4-25-06 | /s/ _____ |
|---|---|---|
| Agency Assigned Service | Date | Judge |

### PROOF OF SERVICE

These documents were served by delivering true copies to: _____

this_____, 2_____, at_____o'clock, _____m. ☐ Ky. License to Carry surrendered.

Served By: _____ Copies to: Court file; Petitioner; Court Clerk in county of Petitioner's usual residence, if different; Law Enforcement Agency/dispatch center responsible for LINK entry; Law Enforcement Agency(ies) designated for service; Local Dept. for Community Based Services (CFC). **Ensure entries in boxes are complete and legible. Without** correct information in each box, Order **MAY NOT** be entered into LINK.

# EMERGENCY ORDER OF PROTECTION AND SUMMONS

AOC-275.2
Rev. 9-04
Doc. Code: OEP
Summons Type DV
Page 1 of 2
www.kycourts.net

*alias*

Case No. 02-D-00202-003

Court Family

County Pike  State KY

## PETITIONER/PLAINTIFF

Jonah Lee Stevens

First  Middle  Last

And/or on behalf of minor family members(s): (list name(s))

DOB and relationships of Petitioner): _____

**V.**

## PETITIONER/PLAINTIFF/IDENTIFIERS

9-26-62

Date of Birth of Petitioner

Other Protected Persons/DOB:

**NO NEED TO RESERVE**

## RESPONDENT/DEFENDANT

Amy Jerrine Mischler

First  Middle  Last

Relationship to Petitioner: ☐ spouse ☑ former spouse
☐ unmarried, child in common ☐ unmarried, currently or formerly living together ☐ child ☐ stepchild
☐ parent ☐ grandparent ☐ other relative (specify)

Respondent Address: Apt. 9, Northgate Dr, Pikeville, KY 41501

## RESPONDENT/DEFENDANT IDENTIFIERS

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | W | 9-22- | 5'4" | 200 |

| EYES | HAIR | Social Security # |
|---|---|---|
| Be | Red | |

| DRIVERS LICENSE # | STATE | EXP. DATE |
|---|---|---|
| | | |

Distinguishing Features _____

**CAUTION:** ☐ Weapon involved  ☐ Armed and Dangerous  ☐ Divorce/Custody/Visitation case pending

## THE COURT HEREBY FINDS:

That it has jurisdiction over the parties and subject matter, and Kentucky law providing Respondent notice and opportunity to be heard.

☐ Additional findings of this order are as set forth below.

## THE COURT HEREBY ORDERS:

☐ That the above-named Respondent be restrained from committing further acts of abuse or threats of abuse.
☐ That the above-named Respondent be restrained from any contact with the Petitioner/Plaintiff.
☐ Additional terms of this order are as set forth below.

The terms of this order shall be effective until  5-8 , 2006  (not to exceed 14 days from date of issue. KRS 403.740(4)).

## WARNING TO RESPONDENT:

This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265). Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. Section 2262).
Only the Court can change this order.

Code: OEP
mons Type DV
ge 2 of 2

Case No. 02-D-00202-003

**ADDITIONAL FINDINGS:** The Court, having reviewed the petition and being sufficiently advised, finds that the allegations indicate an immediate and present danger of domestic violence and abuse.

**THEREFORE, IT IS FURTHER ORDERED:**

☑ That the above-named Respondent be restrained from any communication with the above-named Petitioner.

☑ That the above-named Respondent remain at all times and places at least _1,000_ feet away from Petitioner and Petitioner's family or household;

❑ except as follows: _____

_____.

❑ That the above-named Respondent be restrained from disposing of, or damaging, any property of the parties.

❑ That the above-named Respondent vacate the residence shared by the parties located at _____
(specific address)

_____.

☑ In accordance with the criteria of KRS 403.270, 403.320 and 403.420, temporary custody of

_Zachary & Tucker Stevens_

be awarded to _Jonah Stevens_.

❑ In order to assist in eliminating future acts of domestic violence and abuse_____

_____.

**SUMMONS**

A hearing will be held on _5-8_, 2_006_, at _1:00_ p. m. in _Family_ Court located at _4th floor BB&T bank_. A legal action has been filed against you in this court, alleging facts and demanding relief as shown in the document(s) delivered to you herewith. You are summoned to appear on this date, time and place to respond to the allegations. You must produce at the above court appearance: inccme tax returns, paystubs, or employer statements to document your income in the event temporary child support is ordered. If you are self-employed, you must produce receipt and expense statements. **VIOLATION OF THIS ORDER SHALL CONSTITUTE CONTEMPT OF THIS COURT AND MAY RESULT IN CRIMINAL CHARGES. ANY PEACE OFFICER SHALL ARREST THE RESPONDENT WITHOUT A WARRANT UPON PROBABLE CAUSE THAT A VIOLATION OF THIS ORDER HAS OCCURRED.**

| PCSD / KSP | 4/26/06 | | ENTERED |
|---|---|---|---|
| Agency Assigned Service | Date | Judge | APR 2 5 2006 |

**PROOF OF SERVICE**

These documents were served by delivering true copies to: _____

this_____, 2_____, at_____o'clock, _____m. ❑ Ky. License to Carry surrendered.

Served By: _____ Copies to: Court file; Petitioner; Court Clerk in county of Petitioner's usual residence, if different; Law Enforcement Agency/dispatch center responsible for LINK entry; Law Enforcement Agency(ies) designated for service; Local Dept. for Community Based Services (CFC). **Ensure entries in boxes are complete and legible. Without** correct information in each box, Order **MAY NOT** be entered into LINK.

COMMONWEALTH OF KENTUCKY
PIKE FAMILY COURT
C.A. NOS. 02-D-202-003
AND 01- CI-1197
SPECIAL JUDGE, JULIE PAXTON

ENTERED
PIKE CIRCUIT/DISTRICT COURT

JUL 0 5 2006

DAVID DESKINS, CLERK
BY:_____ D.C.

IN RE THE MARRIAGE OF

JONAH STEVENS,                                                    PETITIONER,

V.                          ORDER ON PENDING MOTIONS

AMY MISCHLER                                                      RESPONDENT.

* * * * * * * *

This cause comes before this court on motions of both parties. The Petitioner has filed a motion for change of custody. The Respondent has filed the following motions: to defend *in forma pauperis*; to void decree and set aside property settlement agreement; and for full custody of the minor children.

Also outstanding is a motion by the Pike County Attorney to redocket and to set child and medical support.

The court does hereby after hearing and testimony enter the following orders on the foregoing:

This matter is hereby redocketed.

The Respondent is granted leave to defend this matter *in forma pauperis*.

The matters scheduled as pertaining to child support filed by the county attorney shall

Page 1 of 3

Exhibit 5

come for hearing on July 13, 2006 at the hour of 10:00 a.m. in the Floyd County Justice Center. The Pike County attorney's office and the Floyd County attorney's office shall confer as to which office is prosecuting this matter and shall advise the court prior to the hearing date of July 13, 2006.

The Respondent has made a motion to void the divorce decree and set aside the separation agreement adopted therein. The motion to void the decree as to the dissolution of the marriage is denied pursuant to Moran v. Moran, 281 Ky. 739, 137 S.W.2d 418 (1940).

The motion to set aside the separation agreement shall be briefed as follows: the Petitioner is allowed 20 days to file a brief in response to the motion and the Respondent is allowed 20 days thereafter for reply. This time shall begin to run upon the date of entry of this order by the Pike Circuit Clerk.

The hearing on change of custody and on custody shall be August 31, 2006 at the hour of 8:30 a.m. in the Floyd County Justice Center.

This the 30 day of June, 2006.

_____
Hon. Julie Paxton, Special Judge
Pike Family Court

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed on this date, postage prepaid to the following:

Hon. Kimberly Thompson
P.O. Box 1125
Pikeville, KY 41502

Amy Mischler
c/o Barbara and Ralph Mischler
797 Ballardsville Road
Eminence, KY 40019

Page 2 of 3

Exhibit 14 pg 2

**PIKE**

1:00 PM      CI

Court

Judge      **NOT APPLICABLE**

Run Date: 11/07/2007  1:00:42PM      DocketList.Rpt
Prep Info @00000017813     11/07/2007  1:00:41PM

**11/07/2007 Court Docket**
Page 1 of 2

Start of docket   Tape Dated 11/7/07   pres      pres
1            CI   01-CI-01197      **STEVENS, LEE VS. STEVENS, JERRINE**

Pty Memo:   *122 NORTHGATE DR, APT 9*
            *PIKEVILLE, KY 41501/NOTICE OF ADDRESS CHANGE FILED 11-07-06*

| | | |
|---|---|---|
| ☐ THACKER, JOHN | ATTORNEY FOR DEFENDANT (CIVIL) | THACJ |
| ☐ TRIVETTE, W. SIDNEY | ATTORNEY FOR DEFENDANT (CIVIL) | TRIVWS |
| ☑ CUMBO, BRIAN | ATTORNEY FOR PLAINTIFF | CUMBB |
| ☐ THOMPSON, KIM | ATTORNEY FOR PLAINTIFF | THOMK |
| ☐ TRUJILLO, AGNES SIPPLE | ATTORNEY FOR PLAINTIFF | SIPPA |
| ☐ HALL, HOWARD KEITH | COUNTY ATTORNEY | HALLHK |
| ☑ STEVENS, JERRINE | DEFENDANT / RESPONDENT | |
| ☑ NICHOLLS, LEWIS D | JUDGE | |
| ☐ PAXTON, JULIE | JUDGE | PAXTJ |
| ☐ PRESTON, JOHN DAVID | JUDGE | PRESJD |
| ☐ WELLS, JANIE MCKENZIE | JUDGE | |
| ☑ STEVENS, LEE | PLAINTIFF / PETITIONER | |

Bail Set:            Posted:

ENTERED
PIKE CIRCUIT/DISTRICT COURT

NOV 2 1 2007

DAVID DESKINS, CLERK
BY_____ D.C.

**OTHER HEARING**
Sch Memo: *SPECIAL JUDGE LEWIS NICHOLLS*

Court rules a custodial evaluation of the family is to be completed by Sheila Benzel, also each partie is to submit 2 names each of doctors by 2/28/08 that can complete a Psyco. eval. Judge will review documents placed in the records and make his ruling on Unsupervised Visitation

Exhibit 17

Page 1 of 2

Judge Signature: _____



COMMONWEALTH OF KENTUCKY
OFFICE OF THE ATTORNEY GENERAL

GREGORY D. STUMBO
ATTORNEY GENERAL

June 8, 2006

1024 CAPITAL CENTER DRIVE
SUITE 200
FRANKFORT, KY 40601-8204

Hon. Howard Keith Hall
Pike County Attorney
P.O. Box 1289
Pikeville, KY 41502-1289

    *Re:*    *Communication from Amy Jerrine Mischler*

Dear Mr. Hall:

    Please be advised that this office received a communication on June 6, 2006 from Ms. Mischler, 122 Northgate Drive, Apt.9 Pikeville, KY, 41501. It is attached for your convenience.

    We send you this communication for several reasons. First, we need to make you aware of the complaint. Second, we want to let you know that this office has no intention or jurisdiction to interject itself into the matter. Third, we want to inform you that this office stands ready to assist you in any way we can in resolving the issue.

    If you have any questions or wish to discuss the matter further, please do not hesitate to call.

            Sincerely,

            GREGORY D. STUMBO
            ATTORNEY GENERAL

            /By: Jeffrey R. Prather
            Assistant Attorney General

cc: Amy Jerrine Mischler

## Exhibit 6

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
FAMILY DIVISION
SPECIAL JUDGE, HON. JULIE PAXTON

ACTION NO. 02-D-00202-003

JONAH L. STEVENS                                    PETITIONER

VS:                    EX PARTE ORDER  **ENTERED**

                                    JUN 1 4 2006

AMY JERRINE MISCHLER        DAVID DESKINS, CLERK        RESPONDENT
                            PIKE CIRCUIT/DISTRICT COURT
                            BY: _____ D.C.

        Having been brought before the Court upon the

motion of the Guardian ad Litem to suspend visitation of the

respondent, Amy Jerrine Mischler, and the Court having been

otherwise sufficiently advised, IT IS HEREBY ORDERED that

the respondent, Amy Jerrine Mischler, shall not have any

further visitation with the parties' minor children, Zachary

Stevens and Tucker Stevens, until further ordered by this

Court. This matter shall come for hearing with

        This the _14_ day of _June_, 2006.

01-CI-1197 on
Thursday, June 29,                    _____
2006 at the hour                      JULIE PAXTON, SPECIAL JUDGE
of 1:00 pm.


Exhibit 7

COMMONWEALTH OF KENTUCKY
PIKE FAMILY COURT
C.A. NO. 02-D-202-003
SPECIAL JUDGE, JULIE PAXTON

ENTERED
PIKE CIRCUIT/DISTRICT COURT

JUL 05 2006

DAVID DESKINS, CLERK
BY:_____D.C.

IN RE THE MARRIAGE OF
JONAH STEVENS,                                                          PETITIONER,

V.                          TEMPORARY ORDER ON MOTION
                       TO SUSPEND RESPONDENT'S VISITATION

AMY MISCHLER                                                      RESPONDENT.

* * * * * * * *

This cause comes before this court on the emergency ex parte motion of the Guardian Ad

Litem to suspend the Respondent's visitation, or in the alternative to order that Respondent's

visitation be supervised.

A hearing was held, however, not all testimony taken on this motion. In order to address

this issue pending the remainder of the hearing, the following temporary orders are entered:

The Respondent shall have visitation with the minor children, to be supervised as

follows:

The Respondent shall have visitation with the minor children every other weekend

beginning Friday, June 30th, 2006 from Fridays at 7pm to Sundays at 7pm supervised at all times

by her sister, Sandra Fay Mader in Sandra's home located at 412 Oldtowne Road, Louisville,

Kentucky 40019.

The children shall be exchanged at the McDonald's in Winchester, Kentucky at 7pm on

Fridays and Sundays.

Page 1 of 2

# Exhibit 8

The only persons authorized to meet the Petitioner at the McDonald's in Winchester for the exchange of the children are: The Respondent's sister Sandra Fay Mader, Sandra Fay Mader's husband, the Respondent's father Ralph Mischler or sister Paula Mischler.  The Respondent, Amy Mischler, is not to participate in the exchange of the children.

The continuation of testimony on this motion shall be August 31, 2006 at the hour of 8:30 a.m. in the Floyd County Justice Center.

This the **30** day of June, 2006.

Hon. Julie Paxton, Special Judge
Pike Family Court

## CLERK'S CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was mailed on this date, postage prepaid to the following:

Hon. Kimberly Thompson
P.O. Box 1125
Pikeville, KY 41502

Amy Mischler
c/o Barbara and Ralph Mischler
797 Ballardsville Road
Eminence, KY 40019

Hon. JoAnn Harvey
Asst. Floyd County Attorney
P.O. Box 1083
Prestonsburg, KY 41653

Hon. Howard Keith Hall
P.O. Box 1289
Pikeville, KY 41502

This the _____ day of _____, 2006.

Clerk, Pike Family Court

Page 2 of 2

COMMONWEALTH OF KENTUCKY
PIKE FAMILY COURT
CIVIL ACTION NO. 01-CI-01197
HON. JOHN DAVID PRESTON, SPECIAL JUDGE

**ENTERED**

DEC 13 2006

DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY:_____ D.C.

IN RE: THE MARRIAGE OF:

JONAH STEVENS                                                PETITIONER

VS.                                  **ORDER**

AMY MISCHLER                                                RESPONDENT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

This action was called for hearings on motions on December 12, 2006,

with Petitioner being present and being represented by Hon. Wesley

Duke, and the Respondent being present, but not represented by counsel.

Having heard the arguments of the attorney or party, **IT IS ORDERED**

as follows:

1.      The Petitioner's motion to extend the DVO was withdrawn

and the same is considered moot.

2.      The Respondent made a motion to dismiss the Domestic

Violence Order.  The Court has reviewed the order, and

finds that insufficient grounds were stated in the petition

for the issuance of a Domestic Violence Order.  KRS

Exhibit 9

403.750 (3) allows the Court to amend the domestic violence order upon motion of either party. The Court therefore finds that the motion should be granted. **IT IS ORDERED** that the Domestic Violence Order, *Jonah Lee Stevens v. Amy Mischler*, 02-D-00202-003, be vacated. A separate order on the appropriate form will be prepared and entered.

3.  The Respondent filed a motion for full custody of the minor children. The motion was not supported by an affidavit as required by statute. This matter is passed until an evidentiary hearing on February 9, 2007, at 9:00 am at which time the Court will consider issues of custody and child visitation. In the meantime, the Petitioner shall have the care, custody, and control of the minor children, effective until February 9, 2007. Visitation will remain as previously ordered.

4.  The Respondent filed a motion with respect to the signature of the Petitioner on the divorce petition. The Respondent complains that the Petitioner signed one portion of the petition as Jonah Stevens and the other signed as Lee

Stevens. It appears that his full name is Jonah Lee Stevens. There being no matter upon which the Court can grant relief, the motion is denied.

5. Respondent presented to the Court a motion for ruling on jurisdiction relating to an arrest warrant for custodial interference, which was apparently issued in Pike District Court. The Court is without jurisdiction to consider the question relating to a criminal matter in another county, and therefore denies the motion.

DATED this the _12_ day of December, 2006.

HON. JOHN DAVID PRESTON
SPECIAL FAMILY COURT JUDGE
PIKE FAMILY COURT

<u>CERTIFICATION</u>:

I hereby certify that I have mailed and/or hand delivered a true copy of the foregoing Order to the following on this the __13__ day of August, 2006:

Hon. Wesley Duke                     Hon. Kim Thompson
P.O. Box 1694                        P.O. Box 1125
Paintsville, KY 41240                Pikeville, KY 41502

Amy Mischler
320 Inverness Avenue
Louisville, KY 40214

CLERK, PIKE FAMILY COURT

BY:_____D.C.

MAR 7 2007

ENTERED

COMMONWEALTH OF KENTUCKY   MAR 0 6 2007
PIKE CIRCUIT COURT
FAMILY COURT DIVISION

DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY _____ DC

C. A. NO. : 01-CI-01197

JONAH LEE STEVENS,                                   PETITIONER,

-versus-                          ORDER

AMY JERRINE MISCHLER                         RESPONDENT.

THIS MATTER having come before the Court for Hearing on February 9, 2007 on Cross-Motions for Change of Custody and the Court hearing arguments of counsel and being otherwise sufficiently advised, IT IS HEREBY ORDERED AS FOLLOWS:

1)   A Hearing was held and will continue at a later date in this matter as to custody of the parties' minor children.

2)   The parties have agreed with regard to the Respondent's visitation that it may be supervised by either Respondent's Mother, Judith Mischler, or her sister, Sandra Nader. Further, the Respondent shall receive visitation during the minor children's, ZACHARY DON STEVENS and ULYSSES TUCKER LEE STEVENS, Spring Break from Wednesday, April 4, 2007 at 7:00 P.M. until Sunday, April 8, 2007 at 7:00 P.M.. The parties shall exchange the children for the Spring Break visitation in Winchester as they do for their regular visitation. All previous Orders of this Court with regard to custody and visitation will remain in effect.

3)   Under KRS 403.290, the Court may seek the advice of

Page 1 of 2

Exhibit 10

professional personnel in making custody determinations. This has also been requested by the Respondent herein. The Court would therefore request that a custodial evaluation be performed by Dr. Sally Brenzel, 7980 New LaGrange Road, Louisville, Kentucky 40222 and both parties are directed to contact Dr. Brenzel at their earliest convenience. The cost of the evaluation will be split between the parties, but if either party has an objection to this evaluation or cannot afford the cost of same, they shall file same with the Court herein.

4) The Hearing with regard to the respective Motions for Change of Custody on behalf of both parties herein will continue after receipt of the Custodial Evaluation Report.

5) The Petitioner's Motion to Dismiss the Respondent's Change of Custody based on the lack of affidavit(s) in support thereof is preserved herein.

SO ORDERED this 1ST day of March, 2007.

_Janie McKenzie-Wells_
HON. JANIE MᶜKENZIE-WELLS
SPECIAL JUDGE
PIKE FAMILY COURT

## CERTIFICATION:

I hereby certify that I have mailed or hand-delivered a true and correct copy of the foregoing to all attorneys and parties of record, on this the ___ day of March, 2007.

PIKE FAMILY COURT CLERK

BY: _Prompton_ D.C.

Page 2 of 2

**COMMONWEALTH OF KENTUCKY**
**PIKE CIRCUIT COURT**
**FAMLY COURT DIVISION**
**ACTION ON. 01-CI-01197**

IN RE: THE MARRIAGE OF                                    **PETITIONER**
JOHAH LEE STEVENS

VS.                              **ORDER**

AMY JERRINE STEVENS                                    **RESPONDENT**
AKA AMY JERRINE MISCHLER

On March 6, 2007, the Court entered an order providing that, "The parties have agreed with regard to the Respondent's visitation that it may be supervised by either Respondent's Mother, Judith Mischler, or her sister, Sandra Nader." On November 7, 2007, both parties appeared before Senior Status Judge, Lewis D. Nicholls, on the Respondent's motion to modify visitation. The Court set the motion for a hearing on November 7, 2007. The Hon. Brian Cumbo appeared representing the Petitioner. The Respondent appeared pro se.

Previously, the Respondent filed a motion for modification of permanent custody of the party's children, however, the motion before the court on November 7, 2007, was modification of supervised visitation only. The issue of modification of permanent custody was not before the court until both parties have had an opportunity to procure the evidence they desire to present, and until a psychological evaluation of the Respondent is completed and a custodial evaluation is completed. The Court set specific timetables on when these evaluations would be completed by separate order entered on November 7, 2007.

## Exhibit 11

Both parties argued their respective positions before the Court, but neither party presented evidence on the issue of modification of supervised visitation. The Respondent filed various documents with the Court. The Court declined to rule on the pending motion until it had an opportunity to review all of the documents the Respondent filed with the Court.

The Court has now reviewed the documents filed during the hearing on November 7, 2007, and considered same. The Court has also considered the arguments of both parties. The Court overrules the Respondent's motion to modify the existing supervised visitation order currently in effect. The Court will reconsider this issue, if necessary, after the psychological and custodial evaluations are completed and a hearing has occurred on the broader issue of modification of custody.

**ORDER**

IT IS HEREBY THE ORDER OF THE COURT THAT, the Respondent's motion for unsupervised visitation is overruled. The Court will reconsider the issue of unsupervised visitation, if necessary, after the psychological and custodial evaluations are completed and a full hearing on the broader issue of modification of custody has been completed.

Entered this the _____ day of November 2007.

_____
LEWIS D. NICHOLLS
SENIOR STATUS JUDGE

CERTIFICATION:

I hereby certify that I have mailed or hand-delivered a true and correct copy of the foregoing to all attorneys and parties of record, on this the 29 day of November 2007.

.ucky
E. Lambert
.icial Center
.reet
40456

NOTICE

., 2007

Dear Chief Justice Lambert,

I have noticed you on several times of the Pike County Circuit Clerks continued denial of my due process rights in refusing to protect the records or send me copies of Judges orders.

You do nothing.

The latest; the Pike County Circuit Clerk refuses to accept my notice of appeal, despite the fact that there is an order giving me informa pauperis status in the case. Therefore, I will be filing a lawsuit against the Kentucky Supreme Court and the Pike County Circuit Clerk.

Submitted,

Amy Mischler

Louisville, KY 40214

cc: Jason Nemes

**Exhibit 12**

Kentucky Administrative Office of the Courts
Jason Nemes
100 Millcreek Road
Frankfort, Kentucky 40601

May 21, 2007

Dear Director Nemes,

I am a bit baffled by your letter dated May 16, 2007. Either you are below average intelligence with a poor grasp of the plain meaning of the civil rules, or you have not been told the accurate facts.

I filed my motion for in forma pauperis status on June 2006, in the case: 01-CI-1197. Judge Julie Paxton granted the in forma pauperis status July 5, 2006. The in forma pauperis status has never been rescinded in the case. I filed an appeal in the 01-CI-1197 case in February 2006. However, the Pike County Circuit Clerk refuses to accept my appeal. This is illegal and is an unconstitutional denial of my access to the Courts.

> CR 5.05 (4)  If accompanied by a motion for leave to proceed in forma pauperis and a supporting affidavit, and made in good faith ANY MATTER TO BE FILED under these rules, including appeals, shall be considered filed on the date it is tendered.

A plain reading of CR 5.05 (4) is clear that after an in forma pauperis status is granted, the circuit clerk must file any matters, or appeals by an indigent person.

Moreover, I have asked repeatedly how I can file a grievance against the Pike County Circuit Clerk. My official court records have been altered, disappeared, and the Pike County Circuit Clerk refuses to mail me copies of Court orders. Repeatedly, somebody goes into the court records and changes my address to a wrong address.

In addition, be advised that I have a copy of a fraudulent filing by Judge Julie Paxton. In August 2006, I personally inspected the official record in 01-CI-1197. I also requested all copies of all documents to be sent to me.

In May 2007, once again I personally inspected the official record in 01-CI1197. In January 22, 2007 there was a court order which was not mailed to me because somebody had change the address to an incorrect address. Furthermore, between two orders dated January 22, 2007 there was an order stamped entered with a handwritten July 14, 2006 on it. On the certificate of service page; it was never mailed out by the Pike County Circuit Clerk.

Please note, this document was not in the file in August 2006 when I inspected it. This document was put into the file until after August 2006 and because it was placed between January 22, 2007 and January 22, 2007 documents is believed to be placed in the file in January 2007. Judge Julie Paxton was no longer a judge in January 22, 2007 and any such order is a fraud upon the court.

Furthermore, Judge Julie Paxton makes admissions that I was denied access to the Courts. She backdates child support without child support ever being set in the case. There is no such things as back child support, without child support being set.

Chief Justice Lambert and you, Jason Nemes have been on notice since at least September 2006 that there were multiple irregularities with Judge Paxton and the records at the Pike County Circuit Clerks office. What you should do at this point is to ask KSP to conduct an investigation and interview K.H. about the July 24, 2006 document. However, one of your letters earlier stated that AOC has no disciplinary authority of circuit clerks. The conundrum is one of your own construction director Nemes.

Submitted,

cc:  Kentucky Supreme Court
Senator Mitch McConnell
Western District Prosecutor David Huber

Amy Mischler

# Exhibit 13



**ENTERED**

July 2 4 2006

DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY:_____D.C.

COMMONWEALTH OF KENTUCKY
PIKE CIRCUIT COURT
ACTION NO. 01-CI-1197 (12997)
DIVISION III

BEFORE HON. JULIE PAXTON, SPECIAL JUDGE, FLOYD FAMILY COURT

IN RE: THE MARRIAGE OF

JONAH STEVENS                                              PETITIONER

VS.

AMY JERRINE STEVENS                                        RESPONDENT

and

COMMONWEALTH OF KENTUCKY
CABINET FOR HEALTH & FAMILY SERVICES
AMY JERRINE STEVENS                                       PETITIONER

VS.                                    ORDER

JONAH L. STEVENS                                           RESPONDENT

**********************

This matter having come before the Court on July 13, 2006 upon the Cabinet for

Health and Family Services' Motion To Redocket, Motion to Intervene, Motion to

Establish Child Support and Medical Order, Motion for Income Withholding and Motion

to Make Cabinet Payee, with Petitioner, Amy Mischler, being present, the Cabinet being

represented by Hon. Jo Ann Harvey, Respondent being present and represented by

Hon. Kimberly Thompson, and the Court being otherwise fully and sufficiently advised,

hereby finds and orders as follows:

1. This action was previously redocketed and the Floyd County Division of Child

Exhibit 14

Support shall handle the child support portion of this action.

2. That the Cabinet's motions on behalf of Petitioner, Amy Mischler, were filed on November 28, 2005. The period of time at issue is from November 2005 through April 2006 when the parties shared joint custody of the children. In May of 2006 the Respondent became primary physical custodian of the children. As of this date Respondent has not filed a motion asking Petitioner to pay child support.

3. That within 20 days the parties shall exchange income information to determine what the child support obligation should have been for the period of time from November 28, 2005 through April 30, 2006, taking into consideration the shared parenting time. The parties shall also provide proof of voluntary child support payments claimed paid and received by the respective party during this period of time.

4. That there is also the issue of medical expenses incurred during the period from November 2005 through April 2006. The parties shall exchange within 20 days information regarding medical expenses incurred during this time period, any amounts remaining unpaid, and a listing of who paid what amounts. The extraordinary medical expenses of the parties shall be allocated between them in accordance with the child support guidelines.

5. Respondent provided medical billing records from Physicians for Children for the minor child, Ulysses Tucker Stevens. A copy of the records shall be made available to the Petitioner.

SO ORDERED THIS ____19____ DAY OF JULY, 2006.

HON. JULIE PAXTON
SPECIAL JUDGE

## Clerk's Certificate

I hereby certify that a true and correct copy of the foregoing was mailed to the following on _____:

Hon. Jo Ann Harvey
Floyd County Division of Child Support
P.O. Box 1083
Prestonsburg, KY 41653

Hon. Howard Keith Hall
P.O. Box 1289
Pikeville, KY 41502

Community Based Services/Family Support
1009 N. Lake Drive
Prestonsburg, KY 41653

Jonah Stevens
239 Bridge St.
Pikeville, KY 41501

Amy Mischler
c/o Barbara & Ralph Mischler
797 Ballardsville Road
Eminence, KY 40019

Hon. Kimberly Thompson
P.O. Box 1125
Pikeville, KY 4 1502

_____
CLERK, PIKE CIRCUIT COURT



Commonwealth of Kentucky
Pike County
David Deskins
Circuit Court Clerk

Receipt Number: 02-00004668-A

DATE: 05/14/2007

TIME: 02:56 PM

*** (M) CIVIL-OTHER ***

CASE NO: 01-CI-01197

RECEIVED FROM: AMY STEVENS
ACCOUNT OF: STEVENS VS STEVENS

1.   Copy-Photocopy CS(W(F))                      5.00

                          TOTAL:              $5.00
                          CASH:               $5.00


                          ***DIFF:            0.00

Prepared By: Barbara Reed
** MCFO=Money Collected for Others
** CS=Charge for Services

# WESLEY W. DUKE
### ATTORNEY AT LAW
P. O. Box 1694
**Paintsville, Kentucky  41240**

Telephone
(606) 789-8551

Facsimile
(606) 789-1558

February 21, 2007

Amy Mischler
~~[redacted]~~
Louisville, Kentucky 40214

RE:    Stevens v. Mischler
       Pike Family Court / C.A. No. 01-CI-01197

Ms. Mischler:

I am writing this with the hopes of being able to come to a resolution in the above styled matter.  I have been instructed by my client to offer to you the following settlement proposal.  Mr. Stevens is willing to agree that he would remain the residential custodian of the children and in return, he would agree to you having unsupervised standard visitation with the minor children.  The standard visitation of the Johnson Family Court calls for every other weekend plus alternating holidays and extended summer visitation of four weeks.

Mr. Stevens has also instructed me to offer to you as part of the settlement that in recognition of your current financial condition he will agree to pay you a lump sum each August for the next three years to assist in your financial circumstances.

If you could please review this matter and let me know as to your position relative to these issues, it would be greatly appreciated.  Thank you for your attention in this matter.

Cordially,

WESLEY W. DUKE, ESQ.

WWD/kdk

## Exhibit 16