**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:08CV-231-M**

**AMY MISCHLER**                                                                                                **PLAINTIFF**

**VS.**

**JOSEPH LAMBERT, et al.**                                                           **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants, Chief Justice Joseph E. Lambert, Judge Lewis Nicholls, Judge Larry Thompson, the Judicial Conduct Commission, and the Kentucky Bar Association, to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) [DN 10]. Fully briefed, this matter is ripe for decision.

**STANDARD OF REVIEW**

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court "must construe the complaint in the light most favorable to plaintiff[], accept all well-pled factual allegations as true and determine whether plaintiff[] undoubtedly can prove no set of facts consistent with [her] allegations that would entitle [her] to relief." League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Kottmyer v. Maas, 436 F.3d 684, 688 (6th Cir. 2006)). This standard requires more than bare assertions of legal conclusions. Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 361 (6th Cir. 2001). A plaintiff must provide the grounds for her entitlement to relief and this "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1964-65 (2007); Bredesen, 500 F.3d at 527. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." Bredesen, 500 F.3d at 527 (citing Twombly, 127 S.Ct. at 1965). To state a valid claim, "a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." Id. It is against this standard that the Court reviews the following allegations.

## BACKGROUND

Plaintiff, Amy Mischler, *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 alleging that the Defendants in their official capacities deprived her of her constitutional rights. (Complaint at ¶1.) Plaintiff is a citizen of Kentucky who is currently involved in a domestic relations proceeding in the Pike Circuit Court, Family Court Division. Defendants, Chief Justice Joseph Lambert, Judge Lewis Nicholls, and Judge Larry Thompson, are judicial officers of the Commonwealth of Kentucky. Lambert was the Chief Justice of the Kentucky Supreme Court at the time Plaintiff filed this action. Chief Justice Lambert retired effective June 27, 2008. Judge Nicholls currently presides as a special judge over Plaintiff's domestic relations case in the Pike Circuit Court and Judge Thompson currently is a Pike County Circuit Court judge who previously presided over the case. The Kentucky Bar Association is an arm of the Kentucky Supreme Court that presides over the discipline of Kentucky attorneys. The Judicial Conduct Commission is a state body created

by the Kentucky Constitution that has the authority to discipline judges for official misconduct.

Plaintiff seeks injunctive relief against each Defendant pursuant to 42 U.S.C. § 1983 and her claims against Justice Lambert, Judge Thompson, and Judge Nicholls are in their official capacity. Plaintiff's claims arise from various domestic relations proceedings in Pike County, Kentucky. Plaintiff alleges that Defendants deprived her of her rights by failing to uphold the laws and failing to act on her various grievances against KBA members and judges, thereby creating a "superior class" of Kentucky citizens "who are immune from the laws, regulations, and the Kentucky Supreme Court Rules." (Complaint at ¶¶1-3.)

Plaintiff was married to Jonah Stevens ("Stevens"), an attorney and KBA member. (Complaint ¶ 16.) Plaintiff alleges between June 2005 until April 2006, Stevens refused to pay child support, and Plaintiff requested enforcement of the support agreement from Pike County Attorney Howard Keith Hall ("Hall"). Plaintiff asserts that Hall refused to prosecute her child support claims against Stevens. Plaintiff contends that she notified Defendants Lambert, Nicholls and the KBA of Hall's refusal to prosecute, and they took no action against Hall. (Id. at ¶¶ 17-20.)

In April of 2006, Plaintiff protested Hall's decision by marching in public with a sign. (Id. at ¶ 21.) Following the protest, Stevens petitioned the Pike Circuit Court for an emergency protective order ("EPO"). Stevens informed the court that Plaintiff had required the couple's children to accompany her on the protest at a time when one of the children was suffering from strep throat. (Exhibit 2 to Complaint.) Plaintiff asserts that the EPO was

filed against her in retaliation for her protest against Hall and Stevens. On April 27, 2006, Judge Larry Thompson entered an EPO awarding custody of the couple's children to Stevens, but granting Plaintiff supervised visitation (Exhibit 4 to Complaint.) (Complaint at ¶ 22.) Plaintiff contends that Judge Thompson was on notice that Stevens' filing of the EPO was an abuse of process, but failed to report it. Judge Thompson later recused himself. Plaintiff complains that even after Judge Thompson recused, he continued to sign and supervise two additional EPO's which were never served upon the Plaintiff. (Complaint ¶¶ 22-25.)

In May of 2006, Judge Julie Paxton was assigned to the case. On May 24, 2006, Judge Paxton entered a domestic violence order ("DVO") awarding Stevens temporary custody of the couple's children. Following the DVO's entry, Plaintiff failed to return the children to Stevens' custody in a timely manner after one of her visitation periods. On June 12, 2006, Hall prepared an arrest warrant against Plaintiff for failing to return the children to Stevens' custody. Plaintiff was arrested on June 30, 2006. The criminal action was dismissed in March of 2007. Plaintiff alleges that Hall had a conflict of interest that she believes should have prevented him from prosecuting her. (Id. at ¶¶ 28-32, 87,89.)

On June 14, 2006, on motion by the children's guardian *ad litem* to suspend Plaintiff's visitation with the children, Judge Paxton entered an *ex parte* order denying Plaintiff visitation until further ordered. (Exhibit 7 to Complaint.) Judge Paxton set the matter for a hearing on June 29, 2006. After this hearing, Judge Paxton signed an order permitting Plaintiff to have supervised visitation of her children every other weekend. (Complaint ¶ 34;

Exhibit 8 to Complaint.) Plaintiff argues that there was no factual finding of serious endangerment to support making her visitation of the children supervised.

Plaintiff alleges that she notified Justice Lambert of the *ex parte* communications between Judge Paxton and Stevens' counsel and Justice Lambert forced Judge Paxton to recuse. Plaintiff contends that the Judicial Conduct Committee, the Kentucky Bar Association, and Chief Justice Lambert failed to take steps to rectify the harm that Judge Paxton had caused Plaintiff. (Id. at ¶¶ 35-37.)

Judge John David Preston was assigned the case. On December 13, 2006, Judge Preston vacated the DVO entered against Plaintiff. Judge Preston continued Plaintiff's supervised visitation of her children. Judge Preston later transferred to the Johnson County Circuit Court and Plaintiff's domestic relations case was reassigned to Judge Janie Wells. On March 6, 2007, Judge Wells entered an order continuing Plaintiff's supervised visitation. Plaintiff asserts that Judge Wells had notice that there was tampering of the physical record at the Pike County Circuit Clerks office and took no action to stop it. Judge Wells later recused from the case because she had received knowledge that the Cabinet for Health and Family Services had substantiated abuse against the Plaintiff. (Id. at ¶¶ 36- 44; Exhibit 9 and 10 to Complaint.)

In June/July 2007, Judge Lewis Nicholls was assigned to preside over the domestic relations case involving Plaintiff and Stevens. According to Plaintiff, Judge Nicholls delayed setting a hearing in the matter until November 7, 2007. (Id. at ¶ 47.) At that time, he conducted a hearing on Plaintiff's motion to modify the supervised visitation. (Exhibit 11

to Complaint.) In a handwritten docket order entered on November 21, 2007, the Pike Circuit Court required the parties to "submit 2 names each of doctors that can complete a Psyco. [sic] eval." of the Plaintiff. Judge Thompson signed the order.[1] (Exhibit 17 to Complaint.) In a subsequent order dated November 23, 2007, Judge Nicholls declined to modify the supervised visitation order already in effect until this psychological evaluation of Plaintiff was completed. (Exhibit 11 to Complaint.)

Based upon these facts, Plaintiff alleges that all the Defendants have violated her rights by failing to act on her complaints and by failing to enforce Kentucky laws, rules, and regulations against members of the KBA. Specifically, Plaintiff asserts that the Chief Justice, the Judicial Conduct Commission, and the Kentucky Bar Association failed to enforce the laws, regulations, and Supreme Court Rules of Kentucky against Hall, Stevens, Judges Paxton, Wells, Thompson, and Nicholls. Plaintiff asserts that the JCC has refused to sanction Judge Thompson for signing orders without jurisdiction. Likewise, Plaintiff alleges that the KBA refused to enforce the conflict of interest rule against Hall who abused his elected office by using child support enforcement for political favor and having the Plaintiff falsely arrested so Hall could prosecute her. According to Plaintiff, neither the KBA nor the JCC pursued her complaints.

With respect to Judge Thompson, Plaintiff alleges that Judge Thompson violated the

---

[1] Plaintiff avers that she wrote a complaint to the Judicial Conduct Committee about Judge Thompson signing this order without jurisdiction to do so, but that they failed to respond. (Complaint ¶ 57.)

judicial canons by failing to report Stevens' and Hall's conduct to the KBA, by signing an order in one of the domestic relations cases after he had recused, by humiliating her by ordering her to undergo a "psyco" exam, and by tampering with the record in her divorce action. (Id. at ¶¶ 74-77.) Lastly, Plaintiff alleges that Judge Lewis Nicholls failed to make the factual findings required by KRS 403.320(1) to support an order of supervised visitation; that he failed to hear Plaintiff's motions in her divorce action; and that he engaged in an *ex parte* investigation of Judge Thompson's signing of the handwritten order referring her for a psychological evaluation. (Id. at ¶¶ 69-72.)

Plaintiff requests an order requiring the Chief Justice to enforce the rules, regulations, and Kentucky Supreme Court Rules in all cases involving her. She seeks an order requiring the Chief Justice to transfer the venue of her domestic relations proceeding to her new county of residence. Plaintiff also requests an order requiring the JCC and KBA to investigate her allegations and maintain records of these investigations.

Plaintiff further requests orders requiring Judge Nicholls (1) to substantiate the Pike Circuit Court's ruling that her child visitation be supervised and (2) to prevent persons who file fraudulent EPO petitions from obtaining child custody. Finally, Plaintiff seeks to restrain Judge Thompson from signing any more orders in court records pertaining to her cases. (Complaint at ¶ A-G.)

Defendants move to dismiss the Complaint. Defendants argue that (1) Plaintiff's claims are barred by the Eleventh Amendment and the express language of 42 U.S.C. § 1983; (2) Plaintiff's Complaint is barred in part by the statute of limitations; (3) Plaintiff fails to

state a claim under § 1983; and (4) in the alternative, Plaintiff's claims are subject to the Younger abstention doctrine. As a result, Defendants contend that Plaintiff's complaint should be dismissed.

## DISCUSSION

### A. Eleventh Amendment

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. The Supreme Court has interpreted the Amendment to apply to suits against a state brought in federal court by the state's own citizens. Hans v. Louisiana, 134 U.S. 1 (1890); Dubuc v. Michigan Board of Law Examiners, 342 F.3d 610, 615 (6th Cir. 2003). In addition to states themselves, "the Eleventh Amendment immunizes departments and agencies of the states." Dubuc, 342 F.3d at 615. See also Whittington v. Milby, 928 F.2d 188, 193-94 (6th Cir. 1991)("[A] state agency may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity or Congress has overridden it.").[2]

The KBA performs a constitutional function assigned to the Kentucky Supreme Court. See Ky. Const. § 116 ("The Supreme Court shall, by rule, govern admission to the bar and

---

[2] Plaintiff's reliance on Ramirez v. Oklahoma Dept of Mental Health, 41 F.3d 584 (10th Cir. 1994) is unpersuasive. The Tenth Circuit has limited the Ramirez holding, like the Sixth Circuit, that "the Eleventh Amendment bars federal court jurisdiction over a state agency for both money damages and injunctive relief . . . ." Ellis v. Univeristy of Kansas Medical Center, 163 F.3d 1186, 1194 (10th Cir. 1998).

the discipline of members of the bar."). Hubbard v. Kentucky Bar Ass'n, 66 S.W.3d 684, 696 (Ky. 2001). Courts have found the KBA and other state bar associations to be immune from suit. See Dubuc, 342 F.3d at 615 ("Because they are arms of the Michigan Supreme Court for all purposes relevant to this lawsuit, the Board and the Bar are state agencies immune from this lawsuit under the Eleventh Amendment."); Thiel v. State Bar of Wisconsin, 94 F.3d 399, 401-402 (7th Cir. 1996). Like the KBA, the JCC is a state body created by the Kentucky Constitution and is "vested with authority to discipline judges for official misconduct." Kentucky Judicial Conduct Com'n v. Woods, 25 S.W.3d 470, 471 n.1 (Ky. 2000); Ky. Const. § 121; Ky. Sup. Ct. R. 4.020.

As a result, both the KBA and the JCC are immune from liability in this action under the Eleventh Amendment. All claims made against them shall be dismissed.

### B. Injunctive Relief against Judicial Officers

Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." First, Plaintiff does not allege any facts and nothing in the complaint suggests that a declaratory decree was violated or that declaratory relief was unavailable. See Azubuko v. Royal, 443 F.3d 302, 303-04 (3d Cir. 2006); Borden v. Raley, 2008 WL 2038903, *2 (W.D. Ky. May 12, 2008); Stepp v. Bowles, 2007 WL 3046479, *3 (W.D. Ky. October 17, 2007); Massey v. Stosberg, 136 Fed. Appx. 719, 2005 WL 1432946, *1 (6th Cir. February 8, 2005). The Court rejects Plaintiff's assertion in her response that the term

9

"declaratory decree" and "declaratory relief" are ambiguous and that they refer to any decree or form of relief. Plaintiff contends that her failed appeals qualify as unavailable "declaratory relief" and that Judge Nicholls' alleged refusal to follow binding precedent is a violation of a "declaratory decree."

Contrary to Plaintiff's arguments, the terms declaratory relief and declaratory decree specifically refer to actions maintained under the Declaratory Judgment Act, 28 U.S.C. § 2201, which permits a district court to "declare the rights and other legal relations of any interested party." See, e.g., Smith v. Pezzetti, 2005 WL 5421316, *16 (E.D. Mich. April 4, 2005). Furthermore, failure by a party to get a favorable decision in the state court does not constitute "unavailability." Roth v. King, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006). Since Plaintiff has alleged no facts showing any of the judges violated a declaratory decree or that declaratory relief is unavailable, Plaintiff's claims are barred by § 1983.

Second, Plaintiff contends that Judge Thompson was not acting as a "judicial officer" for the purposes of § 1983 because he was without jurisdiction to preside over Plaintiff's actions in the Pike County courts because he had previously recused from the case.[3] A review of the exhibits attached to the Complaint reveals that on November 21, 2007, Judge Thompson, a Pike Circuit Court Judge, signed a scheduling memo noting that Judge Nicholls had presided over a hearing and had ordered a custodial and psychological evaluation of Plaintiff. Plaintiff has cited no authority that Judge Thompson lacked jurisdiction in the

---

[3]Plaintiff does not dispute the Defendants' argument that Judge Nicholls and the Chief Justice are acting in their judicial capacities as it relates to her claims.

10

matter. KRS 26A.040(2) provides in part that "[a]ny judge presiding over a division of a court [with multiple divisions] may hear and determine any case or question in any other division." See also Mullins v. Hess, 131 S.W.3d 769, 773 (Ky. App. 2004)(holding that Pike District Judge had jurisdiction to enter order in case pending before a different judge in another division of Pike District Court). Given this authority, the Court finds that Judge Thompson was acting in his "judicial capacity" when he entered the orders in question.

For these reasons, the Court finds that Plaintiff's claims for injunctive relief against the three individual judges are precluded by 42 U.S.C. § 1983.

### C. Younger Abstention Doctrine

Additionally, even if the Plaintiff's claims against the Judges were to survive the express language of § 1983, the Court would abstain from exercising jurisdiction over this case. "The Younger Abstention Doctrine requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state court proceedings." Muhammad v. Paruk, 553 F. Supp. 2d 893, 898 (E.D. Mich. 2008)(citing O'Neill v. Coughlan, 511 F.3d 638, 643 (6th Cir. 2008)). See Younger v. Harris, 401 U.S. 37 (1971). Courts in the Sixth Circuit consider three factors is determining whether to abstain from hearing a case based on the Younger Abstention Doctrine: (1) whether there is an ongoing state judicial proceeding; (2) whether the state judicial proceedings implicate important state interests; and (3) whether there is an adequate opportunity in the state proceedings to raise a constitutional challenge. O'Neill, 511 F.3d at 643; Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 538 (6th Cir. 2001).

First, "if a state proceeding is pending at the time the action is filed in federal court, the first criteria for Younger abstention is satisfied." Kelm v. Hyatt, 44 F.3d 415, 419 (6th Cir. 1995). Plaintiff does not dispute that her child custody case is pending before the Pike Circuit Court.

Second, the State of Kentucky has a strong interest in the resolution of marital disputes and the protection of children involved in child custody matters. "[D]omestic relations proceedings involve 'paramount' state interests." Id. at 420.

Third, the Plaintiff has the ability to raise any constitutional claims she may have before the Pike Circuit Court or on appeal. "[T]he burden on this point rests on the federal plaintiff to show 'that state procedural law barred presentation of [her] claims.'" Marathon Petroleum Co., LLC. v. Stumbo, 528 F. Supp. 2d 639, 645 (E.D. Ky. 2007)(citing Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 14 (1987)). Plaintiff has not alleged that she is barred from presenting her constitutional claims in the Kentucky state courts. In fact, the Kentucky courts can consider the constitutional questions Plaintiff raises in her response and order relief if they deem them to have merit.

Furthermore, Plaintiff's argument that the alleged bad faith of Stevens and Hall in the domestic relations case removes the current action from the coverage of Younger is foreclosed by the Sixth Circuit cases of Tindall v. Wayne County Friend of Court, 269 F.3d 533, 539-540 (6th Cir. 2001) and Sevier v. Turner, 742 F.2d 262, 269-70 (6th Cir. 1984).

For these reasons, the Court finds that the Younger Abstention Doctrine would apply in the present case.

## CONCLUSION

For the reasons set forth above, the motion by Defendants to dismiss the complaint [DN 10] is **GRANTED**.  The Plaintiff's request for a hearing on the motion to dismiss [DN 11] is denied.

cc: counsel of record
    Amy Mischler, *pro se*